COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:         Cliff Carlton Rice v. Bryan Collier

Appellate case number:      01-19-00843-CV

Trial court case number:    91507-I

Trial court:                        412th District Court of Brazoria County

According to the docket sheet and case summary included in the clerk's record, the trial court signed an order dismissing the above cause on October 2, 2019. Appellant Cliff Carlton Rice filed a notice of appeal of the trial court's "order of dismissal" on October 28, 2019. In their appellate briefing, both parties treat the October 2, 2019 order of dismissal as a final order purporting to dismiss appellant's claims under Chapters 13 and 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 13.001(b)(2) (allowing courts to consider whether "claim has no arguable basis in law or in fact" in determining whether action is subject to dismissal as "frivolous or malicious"), 14.003(b)(2) (allowing same consideration for dismissal of claims in inmate litigation).

Although the clerk's record and the parties' briefing suggest the trial court case was dismissed pursuant to a final, appealable order dated October 2, 2019, neither the clerk's record filed with this Court on November 15, 2019, nor the first supplemental clerk's record filed on January 3, 2020, contain a copy of any order of dismissal signed by the trial court on that date.[1] Consequently, on February 4, 2021, this Court ordered the trial court clerk to file a second supplemental clerk's record including the appealed-from order. *See*

---

[1]     Only the correspondence from the trial court coordinator informing the parties that an order of dismissal was signed is included in the clerk's record and supplemental clerk's record, not the order of dismissal itself. This is in contrast to the interlocutory orders dismissing the claims against some, but not all, of the defendants under Chapters 13 and 14 of the Texas Civil Practice and Remedies Code—namely, the interlocutory orders dismissing the claims against Michael Butcher and Bryan Collier.

TEX. R. APP. P. 34.5(a)(5) (instructing that clerk's record must include "the court's judgment or other order that is being appealed").

Pursuant to this Court's order, a second supplemental clerk's record was filed on February 24, 2021. The only order from the trial court included in the second supplemental clerk's record is an Order on Notice of Intent to Dismiss, signed by the trial court on October 2, 2019 and filed with the district clerk on October 7, 2019. The second supplemental clerk's record also contains a Certificate of Fact, signed by the district clerk, stating that the district clerk has "researched the file and records of cause No. 91507-I" and that the "Order on Notice of Intent to Dismiss filed on 10/07/2019 is the appealable order." Contrary to the docket entry and appellate briefing, however, the Order on Notice of Intent to Dismiss does not purport to dismiss any claims. Rather, the Order on Notice of Intent to Dismiss indicates that the action required by the notice—service on all defendants not yet served—"was accomplished by the required date," and "[t]he case [wa]s therefore retained" by the trial court.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. The appellate record here contains conflicting information about whether there is a final, appealable order that disposes of all issues and all parties, and therefore, this Court cannot determine its jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting general rule that appellate courts have jurisdiction only over appeals from final judgments).

Accordingly, we **abate** the appeal and remand to the trial court for further proceedings. The trial court shall conduct a hearing within sixty (60) days of the date of this Order at which a representative of the Office of the Attorney General shall be present in person or via video conference. Appellant, who is pro se, shall also be present for the hearing or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. The court coordinator of the trial court shall set a hearing date and notify the parties. The hearing shall be recorded by a court reporter or court recorder.

We direct the trial court to:

1) determine whether the October 2, 2019 Order of Notice of Intent to Dismiss is the order being appealed;

2) clarify whether the trial court meant to dismiss the entire trial court litigation against each and every defendant for want of prosecution, and if so, have a supplemental clerk's record filed containing a final, appealable order;

3) if the trial court did not intend to dismiss the entire trial court litigation against each and every defendant for want of prosecution, enter written findings of fact and conclusions of law to that effect; and

4) if there is a separate final, appealable order, have a supplemental clerk's record filed containing that final, appealable order.

The trial court clerk is directed to file a supplemental clerk's record containing any order referenced above, and any other findings, recommendations, and orders of the trial court with this Court no later than seventy-five (75) days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter, or recorder, is directed to file the reporter's record of the hearing within seventy-five (75) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed with the Clerk of the Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. To the extent the trial court determines there is no final, appealable order in the underlying trial court litigation, we will also consider a motion to dismiss the appeal filed by the parties.

It is so ORDERED.


Judge's signature:   /s Amparo Guerra
                     Acting individually


Date: April 1, 2021